JOHN COMSTOCK

*v.*

WILLIS M. HITT.

1. GRANTEE OF ONE HOLDING AN EQUITABLE TITLE — *his liability for the unpaid purchase money on the prior sale.* A party purchasing land gave his notes for the purchase money, and received a bond for a conveyance when they should be paid. While a portion of these notes remained unpaid, the purchaser sold and conveyed the premises to a third party. *Held*, there being no express covenant or agreement on the part of the grantee of the person holding the title bond, to pay the balance of the purchase money due under the former purchase, nor any deduction of the amount from the purchase price, from which such an agreement might be implied, he cannot be held liable therefor to the holder of the notes for the same.

2. SAME — *what would constitute an agreement to pay — construction of a deed.* The title bond in question was executed by Heman Baldwin to Ann C. Wilson. The deed from the latter contained this clause: "subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named." This language could not be construed into an agreement on the part of the grantee accepting the deed, to pay the outstanding notes of the grantor. The whole extent of that clause in the deed was, that if the grantee would pay the obligee in the bond he could compel the execution of a deed to him. If he did not, he would get no title.

3. GRANTEE OF A MORTGAGOR—*where there is an agreement to pay. or the amount of the incumbrance is deducted from the price.* The case above stated is wholly

variant from one where a grantee of a mortgagor agrees to pay the incumbrance, or it is allowed to the purchaser by a deduction from the price of the land, from which the law would imply a promise on his part to indemnify the grantor against the mortgage debt.

4. TAKING A DEED *"subject to an outstanding mortgage,"* creates no personal liability on the grantee to pay off the incumbrance, unless he has specially agreed to do so, or the amount of the mortgage has been deducted from the purchase price.

5. PARTIES—*to whom the subsequent purchaser would be responsible, if at all.* But if the grantee in this case were under any obligation in regard to the outstanding notes of his grantor, it would be to him and not to the holder of the notes.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a suit in chancery instituted in the Circuit Court by Willis M. Hitt, against John Comstock. The facts are set forth in the opinion of the court. The question presented is, whether the grantee of one who holds a bond for the conveyance of land upon the payment of certain notes given for the purchase money, is liable for the unpaid portion of such notes, without any agreement to that effect on his part, or the amount of the outstanding notes being deducted from the purchase price. And also, as to the effect in the deed of a clause, that it is subject to such bond.

Mr. H. M. WEAD for the plaintiff in error.

Messrs. BULL & NASH for the defendant in error:

We insist that Hitt, the holder of the unpaid notes given by Mrs. Wilson to Baldwin for the purchase money, was entitled to a personal decree against Comstock, the grantee of Wilson and wife, under this clause in the deed: "Subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named."

*First,* The legal effect of that clause is, that Comstock shall protect Wilson from the balance of the purchase money, by

paying the same. *Townsend* v. *Ward*, 27 Conn., 614; *Thompson* v. *Thompson*, 4 Ohio St. R., 333; *Tweddell* v. *Tweddell*, 2 Brown Ch., 154.

*Second*, That Hitt has the right to rely upon that legal obligation from Comstock to Wilson, and if Comstock fails. to keep the same, to compel him to do so by bill in chancery. Cases cited above; also *Halsey* v. *Reed*, 9 Paige Ch. R., 452; *Curtis* v. *Tyler*, 9 Ib., 432; *Marsh* v. *Pike*, 10 Ib., 595; *Bank of Auburn* v. *Throop*, 18 Johns., 505; *Starkie* v. *Mill*, Stiles R., 296; *Lee* v. *Rook*, Moseley R., 318; *Schemerhorn* v. *Vanderheyden*, 1 Johns., 139; *Warner* v. *Beardsley*, 8 Wend., 199; *Ranbaugh* v. *Hayes*, 1 Vern. R., 130.

Mr. E. S. HOLBROOK, for the plaintiff in error, in reply:

There is no proof of any express undertaking on the part of Comstock, the grantee of Wilson and wife, to pay the notes given by them to their vendor for the purchase money, and it is denied on the part of the plaintiff in error, that any such liability arises, either from any clause in the deed, or from his position as a purchaser. The only language contained in the deed from which any agreement to pay the notes could be implied, is this: " Subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named." Clearly, these words are employed only to give notice of the incumbrance. They are followed by covenants of warranty, which show that the grantors took upon themselves to perfect the title, and preclude the idea that the grantor bound himself so to do. Comstock purchased the *privilege* of paying the purchase money still due, and taking a deed—nothing more. The case of *Tichenor* v. *Dodd*, 3 Green Ch., 454, is a much stronger one for the proposition of the defendant. in error than this, for there the deed was made " subject to the payment of a certain mortgage thereon," and the court say: " The purchaser of a mere equity of redemption purchases a *right*, and does *not assume* an *obligation* to redeem."

But our own court has settled this question in the case of *Winkelman* v. *Kiser*, 27 Ill., 21. The case of *Belmont* v. *Cowan*, 22 N. Y., 438, holds that "a purchaser of mortgaged premises, reciting the full consideration of $12,000, with *habendum* clause, subject to four mortgages, amounting, etc., which has been estimated as a part of the consideration, and deducted therefrom, assumes no personal liability for the payment of the mortgages." The same doctrine is held in 1 Gray, 317, 324.

The cases cited by the counsel for the defendant in error, the principal ones being in Paige's Chan. R., I think are against the current of authority, but I care not to labor to overcome them, as the defendant in error is not within their scope for the want of evidence of a promise to pay, by Comstock, either the debt of Wilson, or the incumbrance on the land, or that the amount still due formed a part of the purchase price.

Mr. E. F. BULL, for the defendant in error, in reply to Mr. Holbrook:

The counsel for the plaintiff in error admits that if the vendee takes a conveyance subject to an incumbrance, and agrees to pay the same, if he fails to do so the vendor may have his action against him. So there is no dispute upon that point.

But I have shown by authorities that the legal effect of the clause quoted, in this deed to Comstock, is, that he shall indemnify his grantor by paying the incumbrance. It follows, that the clause is of the same effect as an express agreement so to do. See 27 Conn., 614; 4 Ohio, 333, supra. This is supported by reason as well as authority, for if it is not true, and Wilson should be compelled to pay this incumbrance, Comstock, without consideration, would reap the full benefit of the removal of the incumbrance, and Wilson would have no remedy. The cases cited by Mr. Holbrook do not support his position.

35

---

In *Miller* v. *Whipple*, 1 Gray, 17, the court simply say that an action at law cannot be maintained by the holder of the incumbrance against the vendee, that was the only question in the case.

In the case of *Belmont* v. *Cowan*, 22 N. Y., 438, seems to be decided upon what the proof, *aliunde* the deed, seems to have shown was the intention of the parties. The court says "The authorities do not furnish any guide, etc.," showing clearly that the cases I have cited, such as *Tweddell* v. *Tweddell,* *Townsend* v. *Ward*, *Thompson* v. *Thompson*, etc., which all hold a contrary doctrine, were not considered by them, and they decided it as a new question, and their decision is decidedly against the weight of authority. The court in that case, however, say "That if, in the conveyance, there are words importing that the grantee will pay the debt, he is deemed to have entered into an express undertaking to do so, although he does not sign or seal the instrument. The acceptance of a deed containing such language is evidence that he has promised to do what the deed says he is to do." Now I have shown, by the cases above cited, that the legal effect of this clause is what I claim. Comstock then, by accepting said deed, has promised to indemnify his grantor, and consequently, on the authority of this case, we have the right to this action.

Mr. JUSTICE BREESE delivered the opinion of the court:

The facts of this case, as shown by the record, are briefly these : Heman Baldwin being the owner of certain lots of ground in the city of LaSalle, on the 13th of July, 1857, executed and delivered to Mrs. Ann C. Wilson a bond for a deed of the same, on certain money considerations thereafter thereafter to be paid, for which he received the notes of Mrs. Wilson. The first note was duly paid, and two hundred dollars paid on the third note. On the 15th of March, 1860, Wilson being in default, Baldwin conveyed the lots to Messrs. Dean & Blanchard, and assigned the over-due notes of Wilson

to them. Dean & Blanchard, on the 2d of December, 1861, conveyed the premises to the defendant in error, by quit claim deed for the consideration of sixty dollars, and at the same time delivered the second and third notes of Wilson to him.

Previous thereto, Mrs. Wilson and her husband, James H. Wilson, on or about the 18th of December, 1858, for a valuable consideration, by warranty deed duly executed and acknowledged, conveyed the premises to the plaintiff in error, and delivered him the title bond of Baldwin and the first note which they had paid. This deed recites that "it was and is subject by the terms thereof to the said bond." The language of the deed is, "subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named."

The bill is filed to compel plaintiff in error to pay these outstanding notes of Mrs. Wilson, and it is elaborately and ably argued by the defendant's counsel, that this obligation rests upon the plaintiff in error, and so the Circuit Court decreed. This is the only important question presented by the record.

There is no sufficient proof that the plaintiff in error ever covenanted or agreed to pay these notes when he took the deed from Wilson and wife. The only pretence for such claim, seems to arise from the language used in the deed from Wilson and wife to the plaintiff in error, "subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named."

The defendant in error has cited many cases supposed to be authority on this point, which we have examined.

The first case of *Townsend* v. *Ward et al.*, 27 Conn., 610, was a case of exchange of lands, one parcel being incumbered by a mortgage of twelve thousand dollars. In the deed for the land thus incumbered, is this clause, "which said mortgage, the said K. hereby assumes and agrees to pay, as part of the consideration money named herein." K., the purchaser, went into possession and exercised acts of

ownership over the land from April to November, without any suggestion of any objection on his part to the terms of the deed. In November, he returned the deed to the grantor, stating that he refused to accept it, and should not perform the contract on his part. The court held him to a compliance, on a bill filed for that purpose, deciding that the retention of the deed so long a time was an acceptance of it. And the court also said where land is conveyed subject to a mortgage, the amount of which is allowed to the purchaser by a reduction from the price of the land, the law implies a promise on his part to indemnify the grantor against the mortgage debt.

This case is wholly variant from the case before us, as there was no agreement to pay the outstanding notes, nor were they considered in fixing the price of the lots. And at any rate, if there be any obligation whatever resting on the plaintiff in error, it is to his grantors, Wilson and wife, and not to the defendant in error.

*Halsey* v. *Reed*, 9 Paige, 452, is a similar case, where there was an agreement to pay off the mortgage and its amount deducted from the purchase price.

All the cases cited on this point are to the same effect. Where the payment of an outstanding mortgage is part of the purchase price of the land, the law will imply an agreement to pay it. This case is entirely different. Here a title bond was executed, and the plaintiff in error, the grantee of the holder of this bond, took the lots subject to that bond, that is to say, on paying the obligee in the bond he could compel the execution of a deed to him. This is the whole extent of this clause in the deed from Wilson and wife to plaintiff in error. He is told the legal title is in Baldwin. Now we sell to you with that understanding, and if you pay Baldwin the balance due him, you will obtain the legal title. Baldwin's title bond was not an outstanding incumbrance on the lots in any legal sense which the purchaser from Wilson was bound, *nolens volens*, to discharge. Wilson merely sold his bargain to the plaintiff in error, and he had the option to

pay the bond or not, as his interests might prompt. If he does not pay the notes, he can get no title to the lots, and and that is the whole sum and substance of it. If A bargains with B to pay him one thousand dollars for a piece of land, at a future day, until A does pay, he cannot compel B to convey, and the same is the condition of the assignee or grantee of A.

We can perceive no principle of law, justice or equity requiring the plaintiff in error to pay these notes. Because he has taken a deed for the premises subject to the terms of a title bond, and without any promise to pay them, there can be no rule of law subjecting him to their payment. By taking the deed of the Wilsons, he stepped into their shoes, and on payment of the notes, he could compel a deed. This is the attitude in which he is placed. Taking a deed "subject to an outstanding mortgage," creates no personal liability on the grantee to pay off the incumbrance, unless he has specially agreed so to do, or the amount of the mortgage has been deducted from the purchase price. This is the extent to which the authorities cited go, and no farther. The land is the primary fund between all the parties, for the payment of the debt secured by it.

That part of the decree which requires the plaintiff in error to pay the balance of the purchase money, if any remains due after a sale of the lots, is reversed, and the decree will stand simply for a sale of the premises to pay the purchase money, they being subject to such lien. The decree is, therefore, modified.

*Decree reversed in part, and modified.*