## GEORGE HAMMER

*v.*

## ASHBURY F. JOHNSON et al.

1. GRANTEE OF PARTY HOLDING EQUITABLE TITLE—*liability for purchase money on prior sale.* H., the owner of an undivided half of a mill, sold his interest to C., taking in part payment C.'s notes, and gave him a bond for a deed, to be made upon payment. C. assigned the bond to J., the owner of the other half, and soon after the mill was burned. On a bill filed by H. against J., to compel him to pay C.'s notes, *held,* it appearing, by the proof, that J., in purchasing from C., had never assumed the payment of the notes, and that their payment was no part of the consideration for the assignment, he could not be held liable therefor.

2. Nor can J. be compelled to account to H. for any portion of the insurance money received by him upon the destruction of the mill, the policy having been procured by J. to protect his own interest.

3. But, as to the boiler and other machinery saved from the fire, complainant held a lien thereon, the same as when it constituted a part of the mill, and, as to such property, J. having sold the same, he is bound to account to H. for one-half of the proceeds thereof.

4. And, such sale having been made upon credit, and without the consent of H., the risk of collection is upon J. alone, and he must account to H. the same as if it had been made for cash.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. AMOS L. MERRIMAN, Judge, presiding.

This was a bill in chancery, filed in the court below by the plaintiff in error against the defendant in error and others, to compel the defendant Johnson to pay certain notes made by one Chambers, and which had been received by plaintiff in part payment for the sale to Chambers of plaintiff's undivided half interest in a certain mill, the other half of which was owned by Johnson, who subsequently purchased Chambers' interest. The further facts in the case are given in the opinion.

Messrs. McCULLOCH & TAGGART, for the plaintiff in error.

Messrs. COOPER & Moss, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Hammer, being the owner of an undivided half of a mill, sold to one Chambers for $2,000, receiving $800 in money and the notes of Chambers for $1,200, and giving a bond for a deed to be made on payment. Chambers assigned the bond to Johnson, who had become the owner of the other undivided half. The mill was burned soon after the assignment, and this bill is filed to compel Johnson to pay the notes given by Chambers. The oath to the answer is not waived, and Johnson answers, denying that, in purchasing from Chambers, he agreed to pay his notes, or that their payment was any part of the consideration for the assignment. The assignment itself is a simple transfer of Chambers' interest in the bond, and makes no allusion to the unpaid notes. There is no proof to contradict, in this respect, the allegations of the answer. On this point, then, the case is within the principle of *Comstock* v. *Hill*, 37 Ill. 542, where it was held that an assignee, in a case of this character, incurs no personal liability, unless he expressly assumes the payment of the outstanding lien, or its amount is allowed in the purchase money, in which event the law would imply a promise.

Neither can Johnson be compelled to account to Hammer for any portion of the insurance money received by him, amounting to $1,500. It seems to have been received on a policy procured by himself to protect his own interest, and the amount can not have covered his own loss.

On both the foregoing points the Circuit Court ruled correctly, but there is one particular in which the complainant is entitled to relief. After the fire, he sold the boiler, and other incombustible machinery saved from the fire, to one Fickes, for $600. One undivided half of this property, though severed from the realty, was, while in the hands of Johnson, clearly subject to the complainant's lien, as it had been when a part

of the mill, and on its sale Johnson stands chargeable as a trustee for the proceeds. Equity will subject the proceeds acquired by his wrongful sale of the property to the same uses for which the property was held subject to a lien. *Gaty* v. *Casey*, 15 Ill. 189. Johnson in his answer explicitly admits the sale, not of his interest in the property, as suggested by counsel, but of the property itself, and claims the right to sell it by denying that Hammer had then or has now a lien upon it. Johnson received the notes of third persons in payment of the property, but he did this at his own risk. He had no right to make the sale without the consent of Hammer, but having wrongfully done so, and sold upon a credit, he must take the risk of collection upon himself, and account to Hammer as if the sale had been for cash. Hammer is entitled to a decree for $300, with interest from the day of sale.

*Judgment reversed.*