# THOMAS WILSON *et al.*

*v.*

# EDMUND O. MARLOW.

66  385
42a 557
───────
66  385
156 212
───────
66  985
54a 575
───────
66  385
166 371

1. CONTRACTS—*rule of construction.* It is a cardinal principle in construing contracts that they must have a reasonable interpretation according to the intention of the parties executing them, if the intention can be gathered from the language used. In giving a construction to a contract, the question is, what, by a fair and reasonable interpretation of the words and acts of the parties, was the bargain between them.

2. SAME—*implied covenant.* Where a contract under seal recited the assignment of the plaintiff's interest in a certain patent right to the defendants, in consideration of which the defendants covenanted to allow the plaintiff an interest in a certain part of the business, both in the sale of rights and manufacturing, to the extent of five per cent on the net profits arising from the inventions until he should receive $5000 therefrom, and two and a half per cent from that time forward, so long as the defendants retained any interest therein: *Held,* that this amounted to an implied covenant that the business should be carried on, if it could be made sufficiently profitable to justify its prosecution, and for a breach of which the defendants were liable.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. HITCHCOCK, DUPEE & EVARTS, for the appellants.

Messrs. GOOKINS & ROBERTS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant, brought to the Cook circuit court by Edmund O. Marlow, against Thomas Wilson and William D. St. Clair, with whom was joined Richard C. Bingley.

The instrument of writing on which the action was brought, is as follows:

"Whereas, Edmund O. Marlow, of Chicago, Illinois, has this day assigned to us all his interest in the letters patent of

386        WILSON *et al. v.* MARLOW.        [Sept. T.

Opinion of the Court.

the United States, numbered 104,321, issued June 14, 1870, to Joseph Johnston and E. O. Marlow. Therefore, we, in consideration thereof, hereby agree to allow said E. O. Marlow an interest in that part of our business which relates to Johnston's patents, both in the sale of rights and manufacturing, to the extent of five per cent on the net profits arising from said inventions, until he shall have received the sum of $5000 therefrom, and two and one-half per cent from that time forward, so long as we retain any interest therein.

"Witness our hands and seals this first day of August, A. D. 1870.

| In presence of | THOMAS WILSON, | [Seal.] |
|---|---|---|
| Copley Ramsden, | W. D. ST. CLAIR, | [Seal.] |
| W. H. Wilson. | RICHARD C. BINGLEY. | [Seal.]" |

To the action, the defendants Wilson and St. Clair pleaded: 1. *Non est factum.* 2. That they had not broken their covenant; and 3. Performance. By leave of court the defendants were permitted to file additional pleas, with leave to plaintiff to reply double.

The additional plea is, in substance, that the only failure on the part of defendants to comply with the covenants in the declaration mentioned, if there was any such failure, was, that after the execution of the contract and before the commencement of the suit, the partnership between the defendants was dissolved by the withdrawal of Wilson from the firm, and that Bingley afterwards ceased to have any interest in said patents, either in the sale of rights or manufacturing, and ceased to promote and carry on the same; averring that the firm was dissolved, that Wilson withdrew therefrom, and Bingley ceased to have such interest and prosecute such sale of rights and manufacturing, at the request of the plaintiffs.

Replications were put in to all these pleas, a default taken against Bingley, and the cause went to the jury, who found a verdict for the plaintiff of five thousand dollars damages.

To reverse this judgment Wilson and St. Clair appeal, and make several points.

The Johnston–Marlow patents and the Johnston patents, it appears, were for weather guards to be applied to windows and doors, and at the time of executing this covenant, Wilson and St. Clair were engaged in publishing a newspaper. ·

The declaration contained three counts, the first of which set out the contract nearly *in hœc verba,* averring that net profits were to a large amount, and a failure to pay plaintiff the agreed per cent.

The second count alleges the duty of defendants, growing out of the contract, faithfully and diligently to prosecute and carry on the part of their business which related to the Johnston patents, both in the sale of rights and manufacturing, and to earn and obtain as and for the net profits, a large sum of money, and to pay over to the plaintiff five per cent thereof to the amount of five thousand dollars, and two and one-half per cent upon all the rest of such income and net profits, averring as a breach that they did not prosecute and carry on the business faithfully and diligently, but wholly abandoned the same, and averring, that by faithfully and diligently carrying on the business, they might have realized a large sum of money as net profits.

The third count is, in substance, as follows:

Avers the obligation of the defendants, executed to the plaintiff August 1, 1870, a copy being annexed, wherein it was covenanted that whereas the said plaintiff had that day assigned to said defendants all his interest in the letters patent of the United States, No. 104,321, issued June 14, 1870, to Joseph Johnston and E. O. Marlow, therefore said defendants then and there covenanted thereby with the said plaintiff, that in consideration thereof they would prosecute and carry on that part of their said business which related to Johnston's patents, both in the sale of rights and manufacturing, and that they would allow and pay to said plaintiff five per cent on the net profits arising from said inventions until the plaintiff should have received the sum of $5000

therefrom, and two and one-half per cent from the time plaintiff should have received the sum of $5000, forward, so long as the defendants should retain any interest therein. And plaintiff avers, that from the time of making said covenant, for a long time, to-wit, until the commencement of this suit, defendants did retain an interest in said inventions. Yet they did not, nor would, prosecute nor carry on that part of their business which related to said Johnston's patents in both or either the sale of rights or the manufacture of said inventions. Nor did, or would they allow or pay to said plaintiff any sum whatever as and for the amount of five per cent, or any other proportion of or upon the net profits arising from said inventions, or for any other purpose, but afterwards, to-wit: Sept. 1, 1870, they wholly abandoned the said business of the sale and manufacture. Wherefore, etc.

Appellants contend that the contract set out in the second and third counts is not the contract proved in the case, and that the instructions of the court, construing the contract, were erroneous.

It is a cardinal principle in construing contracts that they must have a reasonable interpretation according to the intention of the parties executing them, if the intention can be gathered from the language used. In giving a construction to a contract, the question is, what, by a fair and reasonable interpretation of the words and acts of the parties, was the bargain between the parties.

The plaintiff sold to the defendants something of value. They had paid for the Johnston patents ten thousand dollars, and had bargained with plaintiff for the Marlow-Johnston patent at no fixed price, but as compensation therefor, the defendants were to allow him a certain percentage until he should have received the sum of five thousand dollars, and after that, two and one-half per cent for so long a time as defendants retained an interest therein. The right was transferred to the defendants. Now it can not well be insisted the

transfer of the right was a gift to the defendants, but was upon and for a valuable consideration to be paid by the defendants out of the profits of the business, the contract clearly requiring them to prosecute and carry on the manufacture of the patented articles and the sale of rights to manufacture to others. We think the second and third counts of the declaration set out the covenant as it should be understood, and the court, in its instructions to the jury, put a correct construction upon the contract in holding it amounted to an implied covenant that the business should be carried on if profitable.

But the fifth instruction for the plaintiff was calculated to mislead the jury and should not have been given. That instruction is in these words: "If the jury find, from the evidence, that the defendants could have carried on said business at a profit, and did not, but abandoned the same without the plaintiff's consent, the verdict should be for the plaintiff." The substance of this instruction, is, if the jury find defendants could have made the least profit, they should have continued the business until the plaintiff was paid five thousand dollars. This instruction was too broad. It should have been, if the business could be made by the defendants so profitable as to justify its prosecution. It was well known to plaintiff, when he made the contract, that defendants were engaged in other business, which he did not suppose, and could not, they would relinquish and devote themselves exclusively to these patented articles. With them it was an experiment, to which they were not, by the contract, to be enslaved. The intention of the parties was, the defendants should prosecute the business if it could be made by them so profitable as to justify its prosecution. Nothing beyond this could have been in contemplation of the parties, and nothing more is demanded by the terms of the covenant construed in the light of surrounding circumstances.

For the reasons given the judgment is reversed and the cause remanded.            *Judgment reversed.*