(No. 12405.—Decree affirmed.)
CHARLES LUNT *et al.* Appellants, *vs.* EDGAR L. LORSCHEIDER *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. SPECIFIC PERFORMANCE—*contract must be mutual in its obligations.* In order that a contract for the exchange of lands may be specifically enforced it must be mutual in its obligations and remedy and be enforcible by either party.

2. CONTRACTS—*a mere naked assignment of contract does not bind assignee to performance.* In order to bind the assignee of a contract for an exchange of lands to a performance of the obligations he must by his contract assume such liability, and a mere naked assignment is not sufficient for that purpose.

3. SAME—*when a contract is, in a sense, an option contract.* Where a contract for the exchange of land provides that if one of the parties shall fail to perform the contract she shall forfeit $500 liquidated damages and the contract be null and void, the contract, as to her, is in a sense an option contract, which she could not be compelled to specifically perform.

4. APPEALS AND ERRORS—*when it will be presumed the court had sufficient ground for dismissing bill.* Where the record does not show upon what ground the court sustained a demurrer to a bill and dismissed the bill for want of equity, it will be presumed that a sufficient ground for the action of the court was made to appear.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JAMES H. CHRISTENSEN, for appellants.

DANIEL RILEY MCMASTER, and A. L. PHILLIPS, for appellee Andrew Reynolds.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill for specific performance brought originally by appellant Charles Lunt, as assignee of an agreement for the exchange of certain land in Kankakee county for certain land in Saskatchewan, Canada. A demurrer filed to the original bill was sustained by the court. An amended bill was thereafter filed by Lunt and Anna M. Karnopp, who was not a party to the original bill but who

in the amended bill claimed an interest in the Canada property under an agreement with the appellee Edgar L. Lorscheider. A demurrer was filed to the amended bill by appellee Andrew Reynolds and sustained by the court. Appellants elected to stand by their amended bill, and the bill was dismissed for want of equity, with costs. The case was thereupon appealed to this court.

From the allegations in the bill the facts appear substantially as follows: Edgar L. Lorscheider, a resident of Chicago, in July, 1916, owned 231 acres of land in Kankakee county, Illinois, which was subject to a mortgage of $6200. Andrew Reynolds, of Champaign county, Illinois, at the same time was the equitable owner, under contract of purchase, of some 320 acres of land in Saskatchewan, Canada. These parties entered into a written contract on July 11, 1916, agreeing, under certain conditions, to exchange their interests in the two tracts, Reynolds agreeing to pay a certain sum of money in addition to the value of his land at the consummation of the deal. A supplemental agreement was entered into by the same parties about ten days thereafter, which simply provided as to the payment of certain taxes and special assessments on the Kankakee land. It is not necessary to state all the details of these agreements as they do not enter materially into the questions at issue here. All the papers were to be passed within thirty days from the date of the agreement. In the original bill it was alleged that on September 15, 1916, the interest of Lorscheider in the contracts was assigned by him to Lunt, upon which naked assignment Lunt brought the original bill for specific performance April 20, 1917. It does not appear by the allegations in the bill that Lunt agreed to assume any of the obligations of Lorscheider or claimed he held the contract as trustee. After the demurrer was sustained to the original bill an amended bill was filed September 23, 1918, by Anna M. Karnopp and Lunt, in which, in addition to the facts alleged in the original bill, it was

further alleged that on September 15, 1916, an agreement
was entered into by Mrs. Karnopp and Lorscheider as to
the sale by Lorscheider to her of the Canada land hereto-
fore mentioned for a consideration of $11,000, Lorscheider
to deliver to her a contract for a deed for the same within
..... days, and that Mrs. Karnopp agreed to purchase the
property and assume the payment of $1200 annually, be-
ginning December 1, 1918, until the sum of $3600 has been
paid, at which time the purchaser would be entitled to a
deed, and Mrs. Karnopp should make a mortgage to Lor-
scheider for $4400 on the property; that "should the title
to the property not prove good, then this $3000 to be re-
funded, but should the said Anna M. Karnopp fail to per-
form this contract on her part promptly at the time and in
the manner above specified, time being of the essence of this
contract, then $500 shall be forfeited by her as liquidated
damages and the above contract shall be and become null
and void.   Said E. L. Lorscheider, as further security for
the performance, has executed his several notes, amounting
to $3125, and delivered same to Anna M. Karnopp, which
notes Anna M. Karnopp agrees to deliever up and cancel
upon receiving a deed to said property.   This contract and
E. L. Lorscheider's contract for exchange of above prop-
erty shall be held by Charles Lunt pending performance of
said contracts, for the mutual benefit of the parties hereto."
The amended bill further alleged that Mrs. Karnopp paid
to Lorscheider the sum of $3000 as part payment to apply
upon the purchase of the Saskatchewan land.   The bill fur-
ther alleges that at the time said agreement was entered into
between Mrs. Karnopp and Lorscheider the latter was not,
and never had been, the owner of the Saskatchewan land;
that the only interest he had therein was by virtue of the
two written agreements between him and Reynolds, which
at the time of the contract between Mrs. Karnopp and Lor-
scheider were in full force and effect.   At the time Mrs.
Karnopp and Lorscheider entered into said agreement Lor-

scheider made an assignment in writing and endorsed the same upon the two written agreements, as follows:

"In consideration of the sum of ten dollars ($10) and other good and valuable considerations, the receipt of which is hereby acknowledged by the undersigned, the undersigned does hereby sell, convey, transfer and set over to..............all his right, title and interest in, under and by virtue of the within written agreement.

"Given and executed under my hand and seal this 15th day of September, A. D. 1916.     EDGAR L. LORSCHEIDER.  (Seal)."

At the same time Lorscheider executed and delivered to Mrs. Karnopp certain notes for the sum of $3125, in accordance with the written agreements between himself and her. The bill further alleges that at the same time Lorscheider executed a deed of conveyance to Mrs. Karnopp of his interest in the Kankakee county property, which was deposited by him and Mrs. Karnopp with Lunt pending the performance by Lorscheider of his contract with Mrs. Karnopp, as security for said performance. The amended bill further alleges that appellants are ready, willing and able to convey the Kankakee county premises to Reynolds or such party to this proceeding as the court shall direct, and by their bill tender a conveyance of the premises in accordance with the allegations. The bill further alleges that Lorscheider has refused to assist in compelling Reynolds to carry out said two written agreements between himself and Reynolds, and further alleges that Reynolds and Lorscheider are contriving together to injure appellants by their refusal to perform, each for himself, the conditions of said agreements. The bill prays that Lorscheider and Reynolds may be compelled by the court to specifically perform said contracts and agreements between them and Mrs. Karnopp and Lorscheider.

The general rule is that a contract, in order to be enforced by a bill for specific performance, must be mutual in its obligations and remedy and enforcible by either party. (4 Pomeroy's Eq. Jur.—3d ed.—sec. 1405; *Maltby* v.

*Thews,* 171 Ill. 264.) "If at the time of the filing of the bill in equity, [for a specific performance,] the contract being yet executory on both sides, the defendant, himself free from fraud or other personal bar, could not have the remedy of specific performance against the plaintiff, then the contract is so lacking in mutuality that equity will not compel the defendant to perform but will leave the plaintiff to his remedy at law." 6 Pomeroy's Eq. Jur. (3d·ed.) sec. 769; *Ulrey* v. *Keith,* 237 Ill. 284.

It is argued by counsel for the appellee Reynolds that there was no mutuality of obligation and remedy in these transactions between Charles Lunt and Anna M. Karnopp and Reynolds; that there is no privity of action between Reynolds and appellants; that there was no obligation on the part of either Lunt or Mrs. Karnopp to receive a deed for the Canada land from Reynolds or to convey the Kankakee land to Reynolds; that the appellants did not by their contract with Lorscheider assume any of the obligations of the contract between Lorscheider and Reynolds, and that therefore the assignment of Lorscheider to appellants is what is known in law as a mere naked assignment and could not be enforced by Reynolds as against appellants. An assignee does not become liable on an executory contract of the assignor unless by his contract he assumes such liability, and the mere assignment of an interest under a contract will not render the assignee personally liable for moneys thereafter to become due. An assignment of money due or to become due under an executory contract is not an assignment of the contract and the assignee is not bound to perform it. 5 Cyc. 950, and authorities there cited; 2 R. C. L. 625, 626; *Springer* v. *DeWolf,* 194 Ill. 218.

We do not think anything that was said by this court in *Corbus* v. *Teed,* 69 Ill. 205, is in any way at variance with the conclusion that under an assignment of this kind the assignee is not liable when not assuming the obligations of the contract.

285 – 38

There is another reason why the contract cannot be specifically enforced as against appellants. The agreement between Anna M. Karnopp and Edgar L. Lorscheider is, in a sense, an option contract as applied to Mrs. Karnopp. That contract provides that if she fails to perform the contract she shall forfeit $500 liquidated damages and the contract shall be null and void. Under the reasoning of this court in *Davis* v. *Isenstein,* 257 Ill. 260, and the cases there cited, it is clear that this contract, because of this provision, cannot be enforced as against Mrs. Karnopp. This, as we understand the argument of counsel for appellants in their reply brief, is practically conceded as a matter of law, their answer being that the question was not raised in the trial court and therefore cannot be raised for the first time here. The case was heard on the bill and demurrer and no evidence was taken. The tenth specification in the demurrer is that there was no privity of action between appellants, or either of them, and Reynolds, and the eleventh is that the rights of the parties are not mutual, as the right of specific performance by Reynolds against Mrs. Karnopp and Lunt would not lie. While the specific objection now urged by counsel for appellee Reynolds on this question does not seem to have been set out particularly in the demurrer, beyond question this point could have been raised under the tenth and eleventh specifications, and on the record before us we have no means of ascertaining with certainty whether or not it was raised. The record does not show upon what ground the action of the court was based in dismissing the amended bill for want of equity. On such a record it will be presumed, in favor of the ruling of the court, that a sufficient cause to justify its action was made to appear. *Consolidated Coal Co.* v. *Peers,* 166 Ill. 361; *Fanning* v. *Russell,* 81 id. 398.

There being ample justification on this record for the trial court to dismiss the bill for want of equity because of the lack of mutuality of the contracts and the inability

to enforce a specific perfomance by Reynolds against Mrs. Karnopp, the decree of the circuit court must be affirmed. It is therefore unnecessary for us to discuss the several other questions raised in the briefs, including the question of the alleged error of the trial court in permitting the amendment by bringing in a new party and changing the issues as stated in the original bill, or as to Reynolds being a necessary party to the litigation, or the question whether there can be specific performance where at the time of the hearing the allegations of the bill do not show that appellants had title to the land that they could convey to Reynolds under said contracts.

The decree of the circuit court will be affirmed.

*Decree affirmed.*