Peter R. Kennedy, Defendant in Error, v. Illinois Northern Utilities Company, Plaintiff in Error.

Gen. No. 6,710.

LANDLORD AND TENANT, § 415*—*relation between lessor and assignee.* When the assignee of a lease does not assume the obligation of the lease, there is, as between the lessor and the assignee, privity of estate only, and the assignee is liable for the rent while such privity of estate exists, and no longer, and he may terminate such liability by assigning the lease and going out of possession.

ON PETITION FOR REHEARING.

APPEAL AND ERROR, § 1160*—*when rehearing not granted.* A claim of *res adjudicata* not made in plaintiff's declaration or by replication cannot be made the ground for granting a rehearing.

Error to the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term; 1920. Reversed with finding of facts. Opinion filed March 9, 1920. Rehearing denied April 7, 1920.

WILLIAM L. PIERCE, for plaintiff in error.

W. C. DE WOLF, for defendant in error.

MR. JUSTICE HEARD delivered the opinion of the court.

Peter R. Kennedy, defendant in error, brought suit against the Illinois Northern Utilities Company, plain-

SECOND DISTRICT—MARCH, 1920.    293

Kennedy v. Illinois Northern Utilities Co., 217 Ill. App. 292.

tiff in error, in the circuit court of Boone county for rent of certain premises for the months of September, 1915, to April, 1916, inclusive. The original declaration to which there was some pleading was abandoned and there was filed an amended declaration which charged that Kennedy leased the premises in question to one Stahl, which lease was under seal and was to run from October 1, 1910, to May 1, 1917, at a rental of $45 per month except for 3 certain months; that Stahl bound himself, his successors and assigns to pay said rent at the times specified. On March 21, 1912, Stahl assigned the lease to one Monroe who on May 1, 1912, assigned it to plaintiff in error, who entered into possession of the premises and paid the rent of said premises to Kennedy until May 1, 1915, when it refused to pay any more rent.

Four pleas were filed to the amended declaration. The first was *non est factum* as to the assignment. The second was the Statute of Frauds and that the alleged assignment was not in writing and not to be performed within one year. The third set up a former adjudication between the same parties. The fourth set up a reassignment of the lease to one Neeley Clark, a surrender of the possession of the premises to Clark and an abandonment of the premises by plaintiff in error. Issue was joined, a jury waived, the cause tried before the court and a finding and judgment against plaintiff in error for $360 and costs. Defendant below sued out this writ of error.

We think it unnecessary to review in detail the evidence in the case. By the assignment from Monroe to plaintiff in error, plaintiff in error did not assume all the obligations of the lease.

In *Springer v. DeWolf*, 194 Ill. 220, it was said: "The important question in this case is whether the appellant is liable for the ground rent reserved by the lease mentioned, and accruing after the conveyance by him to McGinniss. All the substantial questions pre-

294     APPELLATE COURTS OF ILLINOIS.

Kennedy v. Illinois Northern Utilities Co., 217 Ill. App. 292.

sented in the brief of counsel for appellant are embraced in that proposition. To determine that question we must consider whether there was privity of contract as well as of estate between the appellant and the appellee. As between the lessor and the lessee both exist, but the privity of estate may be determined by an assignment of the lease by the lessee. Not so as to the privity of contract. The lessee cannot shake off his contractual liability by making such an assignment. When there is no assumption by the assignee of the obligations of the lease, then, as between the lessor and the assignee, there is privity of estate only, and the assignee is liable for the rent while such privity of estate exists, and no longer. But the assignee may terminate such liability by assigning the lease and going out of possession. *Consolidated Coal Co. v. Peers,* 166 Ill. 361.''

On the trial it was stipulated between the parties that plaintiff in error occupied the premises ''until the 30th day of April, 1915, when said defendant removed all its belongings, offices, property and effects from said leased premises to another location and did not thereafter physically occupy said premises or any part thereof.'' It was also stipulated that Neeley Clark, if present, would testify that on May 9, 1915, the defendant, Illinois Northern Utilities Company, assigned the lease mentioned in the amended declaration in this case, to him in writing, and that he accepted the lease and assignment on that day; that the consideration named in the assignment from defendant to Clark was One Dollar ($1.00), but that said consideration has not been paid.

Plaintiff in error on going out of possession delivered the key of the premises to the president of the bank through which the rent was paid.

There was no privity of contract between defendant in error and plaintiff in error and when plaintiff in error abandoned the premises and assigned the lease

to Clark, the privity of estate was terminated and plaintiff in error was no longer liable for rent of the premises.

The judgment of the circuit court of Boone county is reversed.

*Reversed with finding of facts.*

Finding of facts: We find from the evidence that on April 30, 1915, plaintiff in error surrendered possession of the premises and has never since occupied the same and that it delivered the key thereof to the agent of the defendant in error and that thereafter no privity of estate existed between plaintiff in error and defendant in error and that it is not legally liable for the rent for the months specified in the declaration.

Per Curiam: Plaintiff below on petition for rehearing claims that defendant below by reason of a former adjudication is barred from making the defense which we have sustained. No such claim is made in plaintiff's declaration or by replication and so no such question of *res adjudicata* is raised by plaintiff upon the record. *Consolidated Coal Co. v. Peers,* 166 Ill. 361.

The petition for rehearing is denied.