LOUIS B. DAVIS, Appellant, *vs.* SAMUEL ISENSTEIN *et al.*
Appellees.

*Opinion filed February 20, 1913.*

1. SPECIFIC PERFORMANCE—*when equity will not decree specific performance.* If a contract for the exchange of properties gives a party thereto the clear right either to make the exchange or pay a stipulated sum of money in lieu thereof, equity will not decree a specific performance of the first alternative.

2. SAME—*contract construed as giving party an option to perform or pay money.* A contract for the exchange of properties which provides that the willful failure of either party to perform his undertaking shall subject him "to the payment of the sum of $1500 fixed and liquidated damages to the party injured, and upon payment thereof this contract is to become null and void," gives either party the option to make the conveyance or pay the money.

3. TENDER—*when tender need not be paid into court.* Where a bill for specific performance alleges a tender by the defendant of the sum stipulated in the contract as liquidated damages in case of a refusal to perform, it is not necessary for the defendant to renew the tender or pay the money into court upon the filing of a demurrer to the bill.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

PETER SISSMAN, for appellant.

RINAKER & BEERLY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, Louis B. Davis, filed his bill of complaint in the superior court of Cook county against Samuel Isenstein, Sarah Isenstein, Alexander Eisenstein and Tillie Eisenstein, the appellees, to compel specific performance of a contract for the exchange of lands. A general demurrer interposed by appellees to the bill was sustained and a decree was entered dismissing the bill for want of equity. Appellant has appealed from that decree.

The contract, specific performance of which was sought to be enforced, was dated December 18, 1911, and after

providing for the exchange of certain real estate in the city of Chicago it contained the following provision: "The willful neglect or failure by either of the parties hereto to perform his or their respective parts of the undertakings hereunder is to subject such party to the payment of the sum of $1500 fixed and liquidated damages to the party injured, and upon payment thereof this contract is to become null and void; and to secure such payment Louis B. Davis above named hereby deposits the sum of $1500 with Peter Sissman, to be held by him as escrow for the mutual benefit of the parties hereto, and the undersigned, Alexander Eisenstein and Samuel Isenstein, deposit their promissory judgment note for the sum of $1500 with said Peter Sissman for a like purpose; and upon performance of the within contract it shall be the duty of said Peter Sissman to pay over to said parties of the second part the said sum of $1500 and deliver up and surrender to them said note received from them." The bill alleged that appellant had performed his part of the contract in so far as he was permitted so to do, and that he has always been, and is now, ready to perform such parts of the contract as are still unperformed. Certain letters between appellant and appellees are attached to the bill as exhibits, the only one bearing upon the questions presented here being a letter from appellees to appellant and to Peter Sissman, which, after referring to the contract for the exchange of property, proceeds as follows: "The undersigned do hereby elect to repudiate and abandon any further performance of the terms and provisions of the same on their part to be performed, and do hereby tender you, and each of you, the sum of $1500 in cash, legal tender money of the United States of America, as fixed and liquidated damages, due and payable to said Louis B. Davis, under the terms and provisions of the said contract, by reason of such repudiation and abandonment on our part, and we hereby demand the return to us of our promissory judgment note

for the sum of $1500, deposited with Peter Sissman under the terms of said agreement, and hereby 'demand the surrender of said contract of December 18, 1911, for cancellation by the respective parties hereto." The bill alleged tender of the money mentioned in said letter.

In support of the action of the court in sustaining the demurrer and dismissing the bill, appellees contend that specific performance of the contract could not be enforced because appellees were by the contract given the option either to exchange their property for that of appellant or to pay to appellant $1500, and that by tendering to appellant $1500, the contract, in so far as it required the exchange of the property therein described, became null and void. Appellant, on the other hand, contends that the sole object of the agreement was the exchange of property and not the recovery of damages; that the clause providing for liquidated damages cannot fairly be considered in any light other than that it was inserted for the purpose of insuring performance, and that specific performance should not, therefore, be denied. Appellant also contends that if appellees' construction of the provision relating to liquidated damages be the correct one, still the demurrer should have been overruled because it appears from the bill that the appellees have not paid the $1500 but have only tendered the same, and have not kept their tender good.

The determination of all the points raised depends almost entirely upon the construction to be given that part of the contract quoted above. If this contract, upon its face, is an option contract, giving either party the privilege of terminating it upon the payment of the amount of damages stipulated therein, then the demurrer to the bill was properly sustained.

It is a general rule that equity will decree a specific performance of a contract providing for a certain act to be done with a sum annexed, whether by way of penalty or damages, to secure the performance of the contract;

but where the contract provides for the performance of one of two things in the alternative,—that is, where a party has the right either to perform certain acts or pay a sum of money stipulated in lieu thereof,—then equity will not decree a specific performance of the first alternative. (*Lyman* v. *Gedney*, 114 Ill. 388; *Barrett* v. *Geisinger*, 179 id. 240; *Koch* v. *Streuter*, 218 id. 546.) This rule was also recognized in *Mikelaiczak* v. *Kruppa*, 254 Ill. 209. Applying these rules to the contract under consideration, we find that specific performance thereof cannot be enforced. By this contract the sum of $1500 is not only fixed as liquidated damages to the party injured in case of non-performance, but it is also provided that upon the payment of that sum the contract is to become null and void. This clearly gives either party the option to pay the penalty or to convey in accordance with the terms of the contract. While it is not by express terms made an option contract, the language employed will admit of no other construction. By electing to pay the penalty instead of complying with the other terms of the contract, and by tendering the money to appellant, appellees exercised the option given them, and the contract, by its terms, became null and void and appellant was entitled to no further relief. The contract in this case is unlike any considered in the cases cited by appellant, in that it provided that upon the payment of the amount fixed upon for liquidated damages the contract was to become null and void.

Appellant's contention that appellees have not kept their tender good is without force. If the tender was necessary, appellees did all that was required of them. The bill alleges a tender, and as the demurrer simply challenged the sufficiency of the bill it was not necessary for appellees to renew the tender or to pay the money into court upon the filing of the demurrer.

The decree of the superior court is affirmed.

*Decree affirmed.*