Irving Rootberg, Plaintiff-Appellant, *v.* Richard J. Brown Associates *et al.,* Defendants-Appellees.

(No. 56940; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—August 16, 1973.

Pressman & Hartunian, of Chicago, for appellant.

Gordon, Greenbaum & Browne, of Chicago, (Ernest D. Simon, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

On November 20, 1969, the plaintiff, Irving Rootberg, and the defendant, Richard J. Brown Associates, entered into a contract according to which Rootberg agreed to sell and Brown Associates agreed to purchase 154 acres of real estate owned by Rootberg in Lake County, Illinois. Brown Associates was to pay for the realty by making a series of deposits in escrow. After the contract was made, Brown assigned it to the defendant, Leisure Technology, Inc. On August 3, 1970, the defendants became obligated to deposit $45,000 in escrow. Although Rootberg had fully performed his obligations under the contract, the defendants refused to make the payment.

Subsequently, Rootberg filed a complaint which alleged the above facts and sought specific performance. The defendants filed a motion to strike, charging that the contract barred the plaintiff from seeking that remedy. The defendants' motion was granted and the plaintiff was permitted to file an amended complaint. Rootberg chose to stand on his original complaint, the cause was dismissed and he has appealed.

The parties agree that the pivotal paragraph of the contract is number 15, which provides:

"15. Upon the failure of Purchaser to make any of its mandatory payments as hereinabove set forth and failure to cure said defaults after sixty (60) days written notice from Seller, this Agreement shall be terminated, upon written notice to Purchaser and any and all payments received by Seller shall be retained by it as liquidated damages and not as a penalty. However, Purchaser shall be entitled to a conveyance of real estate for all previous payments, except for the first three (3) payments. At no time, however, shall Purchaser be in default as long as Purchaser has made all of the payments required to be made hereunder. [Deletion initialed I.R.]"

The question at issue is whether the provision in paragraph 15 that in the event of a default "* * * all payments received by the Seller shall be retained by it as liquidated damages * * *", prohibits Rootberg from pursuing the remedy of specific performance. Rootberg, of course, contends that it does not, while the defendants argue that the paragraph should be construed as giving them the option of completing the contract or paying the liquidated damages.

■■ Where a contract for the sale of real estate has been entered into without misunderstanding on the part of the buyer and without misrepresentation on the part of the seller, specific performance will be granted as a matter of right (*Hunter v. DeMay* (1970), 124 Ill.App.2d

429, 259 N.E.2d 291) and the fact that such a contract provides for liquidated damages in case of failure to perform does not of itself prevent a court from decreeing specific performance. (*Lyman v. Gedney* (1885), 114 Ill. 388, 29 N.E. 282.) The test is whether the contract calls for a certain act to be done with a sum annexed as damages to secure performance of the act, or whether it provides that one of two things shall be done at the election of the party who must perform, *i.e.*, either the performance of the act or the payment of a sum of money. If it does the former a provision for liquidated damages will not prevent specific performance; if it does the latter the payment of the agreed sum will constitute adequate performance of the contract. *Barrett v. Geisinger* (1899), 179 Ill. 240, 53 N.E. 576.

In *Koch v. Streuter* (1905), 218 Ill. 546, 75 N.E. 1049, where the complainant attempted to obtain specific performance of a contract for the sale or exchange of real estate, the reviewing court considered a contractual provision which stated: "It is further agreed that, if either party hereto fails to keep or perform the covenants hereinabove specified, said party so defaulting shall forfeit to the other the sum of $1000.00, said sum being the agreed liquidated damages." The court found that the liquidated damages provision was merely a security for the performance of the contract and that there was nothing in the terms of the contract to justify the conclusion that either party had the right to perform it or, in lieu thereof, to pay $1,000. Subsequently, in *Mackie v. Schoenstadt* (1923), 307 Ill. 398, 138 N.E. 686, when interpreting another real estate sales contract, the court stated that the vendor's right to declare the contract void and to retain the earnest money as liquidated damages, if the vendee fails to perform, does not make the contract an option contract with the right in either party to refuse performance.

A like determination was reached in *Moritz v. Broadfoot* (1967), 35 Wis.2d 343, 151 N.W.2d 142, where the sales contract provided: "Should the undersigned Buyer fail to carry out this agreement, all money paid hereunder shall, at the option of the Seller, be forfeited as liquidated damages and shall be paid to or retained by the Seller, * * *". Although the seller did not return the earnest money, his suit for specific performance was not barred. The court held that the contract did not give the purchaser the option to pay liquidated damages as an alternative to performance; the liquidated damages. provision was to protect the seller and to predetermine damages in the event of breach. The court found nothing to indicate that the parties intended to insert the clause as an exculpatory method for the buyer to avoid the purchase.

■■ The contract between Rootberg and Brown is made up of mutual covenants to accomplish the transfer of 154 acres of real estate in

exchange for monetary compensation. The agreement states at the outset that the "Purchaser is desirous of purchasing the said real estate," and the balance of the contract was intended to effectuate that desire. Paragraph 15 does not give the purchaser an option to perform the agreement or pay liquidated damages. Rather, it is analogous to those provisions found in the *Koch, Mackie* and *Moritz* cases which, despite providing for liquidated damages, did not preclude the remedy of specific performance. It differs markedly from the agreement discussed in *Davis v. Isenstein* (1913), 257 Ill. 260, 100 N.E. 940, which stated: "The willful neglect or failure by either of the parties hereto to perform his or their respective parts of the undertakings hereunder is to subject such party to the payment of the sum of $1,500 fixed and liquidated damages to the party injured, and upon payment thereof this contract is to become null and void; * * *." That agreement was held to be an option contract, and specific performance was denied since the vendees had exercised the right which was reserved to the parties under the contract and tendered to the vendors $1,500, thus making the contract void.

■■ The remedy of specific performance would be made available to the plaintiff without further consideration were it not for the sentence appearing at the end of paragraph 15, which was lined out and initialed by the plaintiff. The deleted sentence states: "It is understood between the parties that in the event of any such default by Purchaser, as described herein, Seller shall have all the other remedies provided by law, including the right to obtain a decree in equity for specific performance or other relief." Although, as we have pointed out, courts have not found a provision such as this essential to the granting of specific performance, its elimination from the contract may have reflected the intention of the seller and purchaser to interpret paragraph 15 as restricting the seller to liquidated damages if the purchaser should default. The deletion creates an ambiguity not resolved by the other provisions of the contract. A contract is to be enforced according to the sense mutually understood by the parties at the time it was made. (*American National Bank & Trust Co., v. Lembessis* (1969), 116 Ill.App.2d 5, 253 N.E.2d 126.) Therefore, the case will be remanded for the receipt of such relevant, competent and material evidence as the parties may wish to present to determine whether, by the deletion of the sentence, they intended to alter the natural interpretation of the contract.

The orders of the trial court striking the plaintiff's complaint and dismissing his cause of action are, therefore, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.