MERCEDES A. CONEY *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* COMMERCIAL NATIONAL REALTY CO., d/b/a CNR Realtors, Defendant-Appellee.—(MICHAEL B. DAVIS *et al.*, Intervening Counterplaintiffs-Appellants.)

Third District    No. 79-816

Opinion filed September 29, 1980.

James P. Kellstedt, of Peoria Heights, for appellants.

William R. Kelly, of Kelly & McCarthy, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs and counterdefendants Jack A. Coney and Mercedes A. Coney filed a small claim complaint against defendant Commercial National Realty Company to recover $1000 in earnest money which had been submitted with a contract to purchase real estate. Third-party defendants and counterplaintiffs Michael B. Davis and Dean B. Forbes intervened and filed a "third party complaint" against the Coneys' seeking specific performance of the contract and other remedies not here

involved. This appeal is from the order of the circuit court of Peoria County dismissing the specific-performance count of the "third party complaint."

The Coneys offered to purchase certain real estate located in Chillicothe, Illinois, by means of a contract to purchase which required acceptance on or before November 22, 1976. Earnest money in the amount of $1,000 had been deposited with National Realty, and when no signed acceptance of the offer "had been obtained," the Coneys filed suit for the return of the earnest money. National Realty answered that the offer had been accepted by Davis and Forbes and attached a copy of the contract to its responsive pleading. The contract contained the following provision:

> "(N) (OFFER EXPIRATION AND PENALTY)—Purchaser agrees to allow this offer to remain in force until noon November 22, 1976, and if accepted, it shall be a binding contract upon all parties hereto, their heirs, executors, administrators and assigns. If this offer is not accepted the earnest money deposit shall be promptly refunded. If Purchaser fails to carry out the terms of this accepted offer, the earnest money paid shall be forfeited and retained by the seller, *in full of all claims of every kind and nature against the purchaser herein.*" (Emphasis added.)

The sole issue presented for our determination is whether the above provision bars the remedy of specific performance.

■■■ It has long been the law of Illinois that where a contract has a sum annexed by way of penalty or damages to secure its performance, equity may decree a specific performance; but where a contract provides for one of two things in the alternative, as where a party may perform the contractual acts or pay a designated sum of money in lieu of such performance, equity will not declare a specific performance of the contractual acts. (*Koch v. Streuter* (1905), 218 Ill. 546, 75 N.E. 1049; *cf. Lyman v. Gedney* (1885), 114 Ill. 388, 29 N.E. 282; *Broadwell v. Broadwell* (1844), 6 Ill. (1 Gilm.) 599.) The provision at bar provides that in the event the purchaser fails to perform the stipulated contractual acts, "the earnest money money shall be forfeited." We find, and the parties agree, that this language was intended to secure, rather than provide an alternative to, the performance of the subject contract. Thus the remedy of specific performance is available unless barred by the limiting language "in full of all claims of every kind and nature against the purchaser herein."

Our research has not revealed, and the parties litigant have not cited, a determination of the effect of such limiting language in a penalty clause of a contract to purchase real estate by the courts of this State. We are aware of the existence of support for the general proposition that a seller may agree that a provision for liquidated damages shall preclude a right

to specific performance in the event a purchaser fails to perform (see 71 Am. Jur. 2d *Specific Performance* §58 (1973)) but find that proposition to be based on dicta from decisions where no such agreement existed (see *Rubinstein v. Rubinstein* (1968), 23 N.Y.2d 293, 296, 296 N.Y.S.2d 354, 357, 244 N.E.2d 49, 50; *Asia Investment Co. v. Levin* (1922), 118 Wash. 620, 204 P. 808, 811). We nonetheless find guidance in *Rubinstein*, where the court stated:

> "The law is now well settled that a liquidated damages provision will not in and of itself be construed as barring the remedy of specific performance [citations]. For there to be a complete bar to equitable relief there must be something more, such as explicit language in the contract that the liquidated damages provision was to be the sole remedy." *Rubinstein v. Rubinstein* (1968), 23 N.Y.2d 293, 297-98, 296 N.Y.S.2d 354, 358, 244 N.E.2d 49, 51.

■■ In the case at bar, we find the parties have agreed to "something more" than a penalty or liquidated damages provision. The contract clearly stipulates that the earnest money be retained by the seller "in full of all claims of every kind and nature against the purchaser herein." Claim is a "broad, comprehensive word" (Black's Law Dictionary 313 (4th ed. 1957)) and the qualifying phrase "of every kind and nature" further expands its comprehensiveness. In view of the broad language employed by the parties in the subject provision, we find the remedy of specific performance to be contractually barred.

Accordingly, the order of the circuit court of Peoria County dismissing the specific performance count of the "third party complaint" is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.