BRIAN McDONAGH, S.C., *et al.*, Plaintiffs-Appellants, v. DEBRA MOSS, Defendant-Appellee.

First District (3rd Division)   Nos. 1—89—2362, 1—89—2425 cons.

Opinion filed December 5, 1990.

Wildman, Harrold, Allen & Dixon, of Chicago (Robert E. Kehoe, Jr., and M. Jayne Rizzo, of counsel), for appellants.

James K. Toohey and Daniel P. Hogan, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Brian McDonagh and Vein Clinics of America, Inc., brought an action against defendant, Debra Moss, M.D., for breach of a covenant not to compete in a specified type of medical practice. The covenant not to compete was part of a written contractual agreement (Agreement) between the parties. Plaintiffs moved for a preliminary injunction to enjoin the defendant from engaging in a competing medical practice in violation of the covenant not to compete. While the plaintiffs' motion for a preliminary injunction was pending, defendant moved to strike the prayer for equitable relief in the complaint because the covenant not to compete expressly provided for liquidated damages for a breach. The trial court concluded that plaintiffs' exclusive remedy for a breach of the covenant not to compete is liquidated damages and, therefore, entered an order granting defendant's motion to strike the prayer for equitable relief and denying plaintiffs' motion for a preliminary in-

junction. We reverse and remand for further proceedings in the trial court, including a hearing on the merits with respect to plaintiffs' motion for a preliminary injunction.

The plaintiffs are two related corporations providing for specialized medical services under the auspices and direction of Dr. Brian McDonagh. Defendant, a physician, joined the plaintiffs' specialized practice pursuant to the Agreement executed between the parties.

Section 12 of the Agreement provides that for four years after termination of the Agreement, the defendant would not enter into a competing related medical practice within a 50-mile radius of any of the plaintiffs' offices. Section 12.2 provides for liquidated damages if the defendant breached the covenant not to compete. The entire text of this portion of the Agreement is as follows:

"12.2 Remedy. S.C. [plaintiff] and Independent Contractor [defendant] acknowledge that it is difficult to compute the amount of loss or damages plaintiffs will sustain if defendant breaches her covenant under this Section 12. Plaintiff and defendant agree that the measure hereinafter provided represents the product of their good faith negotiations. Accordingly, if defendant breaches her covenant under this Section 12, defendant agrees to pay plaintiff, as liquidated damages under this Agreement, the greatest of the following: (i) her gross income from her use of injection compression sclerophleboplasty during the 12 month period beginning with the first such use computed on the accrual basis method of accounting; (ii) an amount equal to plaintiff's gross receipts from defendant's services hereunder during the 24 months immediately preceding the date of termination (or her breach, if earlier); or (iii) the rate of defendant's Annual Fee in effect on the date of termination. The first $95,000 of such amount shall be payable as of the first day on which defendant breaches such covenant; the balance, if any, shall be payable on the first anniversary of the date of termination. If not paid when due, any amount payable hereunder shall bear interest at two percent (2%) above the floating prime rate of interest charged by The First National Bank of Chicago. If plaintiff is involved in a court proceeding to enforce the covenants contained in this Section 12, then in the event plaintiff prevails in such litigation, defendant shall be liable for the payment of reasonable attorneys' fees, court costs and ancillary expenses incurred by plaintiff in enforcing its rights hereunder, and in the event defendant prevails in such litigation, plaintiff shall be liable for the payment of reasonable attorneys' fees, court costs and ancillary expenses in-

curred by defendant in connection with such litigation. In the event the provisions of this Section 12 should be deemed to exceed the limitations permitted by law, then this Section 12 shall be modified to include the maximum restrictions permitted by law."

The complaint alleges that defendant terminated the Agreement without the requisite 90 days' notice and that, in violation of the Agreement, she has started a competing specialized type of medical practice within the proscribed 50-mile radius.

■ In reviewing this case, we start with the premise that a provision for liquidated damages in the event of a breach does not in itself make specific performance of the Agreement unavailable as a remedy. (*Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 134 N.E.2d 329.) Such a provision for liquidated damages, absent a clear contrary showing, is merely an added security in the event of a breach, and not a loophole of escape from performance. (See Restatement (Second) of Contracts §361 (1981); 5A A. Corbin, Corbin on Contracts §1213 (1964).) Here, there is no clear showing that the provision for liquidated damages in section 12.2 of the Agreement was intended to preclude injunctive relief in the event of a breach. If the parties had intended that the provision for liquidated damages precluded injunctive relief, they could have included explicit language to that effect in the Agreement, or they could have included explicit language that the liquidated damages were to be the sole remedy in the event of a breach.

Defendant contends that "viewing the Agreement in its entirety," the plaintiffs "intended the monetary damages specified in section 12 to constitute their exclusive remedy for any breach of that provision." Defendant refers to section 10.2 and section 13 of the Agreement to support her contention.

Section 10.2 provides:

"Offsets. In addition to all other remedies available to plaintiff, defendant and plaintiff agree that upon the termination of this relationship for any reason, plaintiff shall have the right to offset any amounts payable from plaintiff to defendant against any amount owed to plaintiff by defendant."

Section 13 of the Agreement makes it improper for defendant to "use, sell, offer for sale, divulge or solicit the sale" of certain proprietary or confidential information. Section 13.2 provides that if the defendant "breaches her covenant under this Section 13, defendant agrees that in any suit which may be brought by plaintiff in any court having jurisdiction, an order may be entered enjoining her from breaching such covenant, and an order to that effect shall be entered pending the litigation,

as well as a final determination thereof, without the requirement to post bond, and that such application for such injunction shall be without prejudice to any other right of action which accrues to plaintiff by reason of the breach of the foregoing provisions." Defendant argues that because sections 10.2 and 13 of the Agreement provide for relief in addition to the liquidated damages stated in section 12, the parties intended that the defendant be allowed to breach the covenant not to compete in section 12 on a continuing basis without court intervention so long as defendant pays the liquidated damages. In other words, defendant argues that the parties intended that performance of the covenant not to compete could not be enforced. We disagree.

In reviewing the Agreement in its entirety, we conclude that sections 10.2 and 13.2 do not demonstrate that the parties intended that the liquidated damages provision of section 12.2 is to be an exclusive remedy thereby precluding injunctive relief. In order to be a complete bar to equitable relief, there must be clear language in an agreement that the liquidated damages are to be the sole remedy in the event of a breach. (See *Coney v. Commercial National Realty Co.* (1980), 88 Ill. App. 3d 1026, 1028, 410 N.E.2d 1181, 1182.) Here, whether the Agreement is read *seriatim* or as a whole, there is no such clear language in the Agreement.

Defendant also contends that because section 12 of the Agreement does not expressly provide for injunctive relief in the event of a breach, the parties did not intend to allow for injunctive relief. We reject this contention outright. Parties to an agreement are not required to state in the agreement all of the remedies which the law gives them and which they may seek, and merely because they specifically provide for a certain remedy does not preclude other remedies available to them under the law in the event of a breach.

Under the circumstances, we conclude that the liquidated damages provision in section 12.2 of the Agreement is not an exclusive remedy which precludes the plaintiffs from obtaining equitable relief in the event of a breach. The trial court therefore erred in granting defendant's motion to strike the prayer for equitable relief and denying plaintiffs' motion for preliminary injunction without a hearing on the merits.

The order entered by the trial court is reversed, and the case is remanded for further proceedings, including a hearing on the merits with respect to plaintiffs' motion for a preliminary injunction.

Reversed and remanded.

CERDA, P.J., and WHITE, J., concur.