HAROLD KOHRS, Ex'r of the Estate of Lolita Kohrs, Deceased, Plaintiff-Appellee, v. EDWARD J. BARTH, Defendant-Appellant.

Fifth District   No. 5—90—0387

Opinion filed May 2, 1991.

S. Gene Schwarm, of LeFevrey, Zeman, Oldfield & Schwarm Law Group, Ltd., of Vandalia, for appellant.

Dale F. Choisser, of Burnside, Dees, Johnston & Choisser, of Vandalia, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The defendant, Edward J. Barth, appeals from a judgment entered upon the motion of the plaintiff, Harold Kohrs, for summary judgment. Acting in his capacity as executor of the estate of Lolita Kohrs, the plaintiff sought specific performance of a contract for the sale of real property executed on March 30, 1979, by the defendant, as buyer, and William Kohrs, the predecessor in interest of Lolita Kohrs, as seller. The defendant presents a single issue for review: whether the trial court properly granted the plaintiff's motion for summary judgment for specific performance in light of the default provision contained in the contract.

The contract provided for a purchase price of $30,000, of which the buyer had paid $18,871.82 at the time this suit for specific performance was brought on August 18, 1989. With respect to default the contract provides as follows:

"Time is agreed by the parties hereto to be the essence of this contract. Waiver of any default or violation shall not estop or affect the rights of any party as to subsequent violations.

> In case of violation of any promise, term or condition herein concerned, the party injured shall give notice to the party in default, in writing, demanding that said default be cured and allowing 30 days from date of mailing by United States mail, with postage prepaid, for such corrective or curative action. If the default is not cured or corrected within said 30 days, this contract shall be void, without further notice and all rights to possession, payment or otherwise existing in the party in default shall cease.
>
> In the event of default by Buyer, Seller shall retain all payments made hereunder as liquidated damages. In addition, upon default by Buyer, said Buyer shall, without further notice, upon demand by Seller, quit and surrender up the premises and shall, in addition, execute and deliver, if requested by Seller, a quit claim deed to Seller for all interest in said premises, and surrender any copy of this contract in Buyer's possession."

As an affirmative defense the defendant stated that nowhere in this provision or elsewhere in the contract is it provided that the seller shall have the remedy of specific performance and that in the event of default the seller's "sole remedy pursuant to the terms of the Contract is surrender of the premises back to the Seller and retention of all payments made under the Contract as liquidated damages." Stating that the defendant as buyer had paid the seller $18,871.82 and had offered a quitclaim deed to the subject property pursuant to the terms of this provision concerning default, the defendant sought dismissal of the complaint. In reply the plaintiff took the position that, although he admitted that the contract nowhere provides that the seller shall have the remedy of specific performance in the event of default, the seller is "entitled to the remedy of specific performance in the event of default as a matter of law." At the hearing on the motion, the plaintiff maintained that, despite the language of the contract, the seller has an election of remedies under Illinois law and can, therefore, elect either to "default the contract" and declare a forfeiture or to seek specific performance of the contract.

In its order granting the motion of the plaintiff for summary judgment against the defendant, the trial court ordered that the defendant shall pay the plaintiff "the balance of the purchase price due under said Contract, with interest thereon at the annual rate of 9% from December 14, 1984, to the date of payment. The per diem rate of interest is $2.74. The total balance due from Defendant to

Plaintiff as of May 18, 1990, is $16,556.12." Upon tender and delivery of payment by the defendant, the plaintiff is, pursuant to the judgment, to execute and deliver to the defendant a conveyance in fee of all of the plaintiff's interest in the property in question.

■■ ■ Where a contract for the sale of real estate has been entered into without misunderstanding on the part of the buyer and without misrepresentation on the part of the seller, specific performance will be granted as a matter of right, and the fact that such a contract provides for liquidated damages in case of failure to perform does not of itself prevent a court from decreeing specific performance. (*Rootberg v. Richard J. Brown Associates* (1973), 14 Ill. App. 3d 301, 302 N.E.2d 467.) The test is whether the contract calls for a certain act to be done with a sum annexed as damages to secure performance of the act or whether it provides that one of two things shall be done at the election of the party who must perform, *i.e.,* either the performance of the act or the payment of a sum of money. (*Rootberg,* 14 Ill. App. 3d 301, 302 N.E.2d 467.) If the contract does the former, provision for liquidated damages will not prevent specific performance; if the contract does the latter, the payment of the agreed sum will constitute adequate performance of the contract. (*Rootberg,* 14 Ill. App. 3d 301, 302 N.E.2d 467.) That is to say, where the contract stipulates for one of two things in the alternative, the doing of certain acts or the payment of a certain amount of money in lieu thereof, equity will not interfere to decree a specific performance of the first alternative but will leave the injured party to his remedy of damages at law. (*Koch v. Streuter* (1905), 218 Ill. 546, 75 N.E. 1049.) The mere fact that a contract stipulates for the payment of liquidated damages, in case of failure to perform, does not prevent a court of equity from decreeing specific performance; it is only where the contract stipulates for one of two things in the alternative, the performance of certain acts or the payment of a certain amount of money in lieu thereof, that equity will not decree a specific performance of the first alternative. *Lyman v. Gedney* (1885), 114 Ill. 388, 29 N.E. 282.

■ In the instant case, the contract is not alternative in its nature (see *Koch,* 218 Ill. 546, 75 N.E. 1049; *cf. Davis v. Isenstein* (1913), 257 Ill. 260, 100 N.E. 940 (specific performance of the contract could not be enforced because, by the contract as construed by the court, either party had the option to pay a penalty instead of complying with the other terms of the contract)). It does not give to the buyer the option to do the act or to pay a certain sum but, instead, calls for a certain act to be done with a sum annexed as

damages to secure performance of the act. Hence, the provision for liquidated damages does not prevent specific performance. Thus, the trial court did not err in granting plaintiff's motion for summary judgment for specific performance.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.