LEROY O'SHIELD *et al.*, Plaintiffs-Appellants, v. LAKESIDE BANK, as Trustee, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—01—2065

Opinion filed November 27, 2002.—Rehearing denied January 8, 2003.

Leon M. Despres and Jorge Sanchez, both of Despres, Schwartz & Geoghegan, of Chicago, for appellants.

Lawrence M. Karlin, of Katz, Randall, Weinberg & Richmond, of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:

Plaintiffs LeRoy O'Shield and Beverly O'Shield (plaintiffs) appeal from the trial court's order denying their motion for reconsideration of a prior order granting summary judgment to defendants Lakeside Bank, 5350 South Shore, L.L.C., Horwitz & Co., and Tem Horwitz (defendants) in relation to a real estate purchase contract. Plaintiffs ask that we order specific performance of the contract or, alternatively, that we reverse the trial court's grant of summary judgment and remand this cause. Because we find that plaintiffs' exclusive remedy was return of their earnest money, we affirm.

## BACKGROUND

In November 1996, plaintiffs entered into a contract for the purchase a townhouse being built by defendants[1] in the development known as 5350 South Shore Drive Townhomes. The contract signed by plaintiffs and defendants contained the following provisions:

"3. Date of Completion. *** If the Townhouse has not been substantially completed within one hundred eighty (180) days after the Estimated Completion Date ***, then Purchaser may, as its sole remedy, terminate this Agreement upon five (5) days prior written notice to Seller and the Earnest Money, and all interest which may have been earned thereon, and all other sums paid by Purchaser to Seller shall be refunded to Purchaser, whereupon this Agreement shall be null and void without further liability to Seller.

\* \* \*

14. Defaults and Termination. ***

If Seller fails to perform any of Seller's obligations under this Agreement and such failure continues for ten (10) days after Purchaser delivers to Seller written notice of such failure, Purchaser's only remedy shall be to terminate this Agreement by written notice delivered to Seller. Upon such termination resulting from Seller's failure to perform any of its obligations under this Agreement, all payments made by Purchaser to Seller under this Agreement shall be returned to Purchaser and thereupon this Agreement shall be null and void, and of no further force and effect, and neither party shall have any further rights or obligations thereunder."

During construction of the townhouse, plaintiffs made two earnest money payments to defendants, for a total of $48,050. However, once it was built, defendants, in breach of contract, refused to complete the sale of the townhouse to plaintiffs.

Plaintiffs thereupon filed a one-count complaint against defendants for specific performance of the sales contract. Defendants moved to dismiss. Before any determination was made on this motion, plaintiffs were granted leave to file an amended complaint, adding a second count for money damages for interest on the earnest money and a third count for intentional infliction of emotional distress. Defendants again moved to dismiss, stating that the exclusive remedies provisions found in paragraphs 3 and 14 of the contract barred specific performance. Plaintiffs obtained leave to further amend their amended

---

[1]Lakeside Bank is the trustee and legal owner of the townhouse development, 5350 South Shore, L.L.C. is the sole beneficiary of the trust agreement involving the development, Horwitz & Co. is the manager of the development, and Tem Horwitz is the president of Horwitz & Co.

complaint, whereupon they included, among other contentions, allegations of racial bias and specific allegations of individual liability with respect to Tem Horwitz as president of Horwitz & Co. in a separate count. Defendants' motion to dismiss was denied.

After discovery was conducted, defendants moved for partial summary judgment, asserting that the contract's provisions mandated summary judgment with respect to plaintiffs' claim for specific performance, that the count for individual liability against Tem Horwitz should be dismissed with prejudice, and that summary judgment should be granted on the issue of racial bias. The trial court granted defendants' motion in part and denied it in part. First, the court granted summary judgment to defendants on the question of racial bias, finding that plaintiffs failed to adequately demonstrate their claim. Second, the court denied summary judgment in relation to Tem Horwitz's individual liability, finding that plaintiffs had alleged sufficient facts in this regard. Finally, as to specific performance, the court granted defendants' motion for summary judgment, finding that there were no genuine issues of material fact. The court held that the contract's terms, as exemplified in paragraphs 3 and 14, were clear and unambiguous that plaintiffs' *"only* remedy in case of nonperformance by the [d]efendants is to void the contract and have all payments returned." (Emphasis in original.) Therefore, concluded the court, because plaintiffs "failed to show that there are genuine issues of material fact in dispute as to whether the [contract] bars specific performance from being sought as a remedy," summary judgment for defendants on this count was proper.

Plaintiffs then filed an emergency motion to vacate the trial court's order as to its findings regarding specific performance only. Alternatively, plaintiffs asked the court to enter Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language allowing for appeal. This motion was adopted by the court, with the parties' agreement, as a motion for reconsideration. The court denied plaintiffs' motion and certified the issue of specific performance for interlocutory appeal.

## ANALYSIS

■ Before addressing the substantive issue presented in this cause, we first clarify the applicable standard of review. As noted above, plaintiffs appeal from the trial court's denial of their motion to reconsider its prior order granting summary judgment to defendants. Plaintiffs claim in their memorandum in support of their motion to reconsider that the court erred in its application of the law when it granted defendants' motion for partial summary judgment on the issue of specific performance. Defendants assert that we should review

the court's denial of plaintiffs' motion for reconsideration under an abuse of discretion standard. We disagree, as it is unquestionable that the standard of review applicable to this cause is *de novo*. A motion to reconsider based on the submission of new matters, such as additional facts or new arguments or legal theories not presented during the pendency of the original motion for summary judgment, is reviewed under an abuse of discretion standard. See, *e.g.*, *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 195 (1989) (submitting a new matter on a motion to reconsider after summary judgment motion has already been granted "lies in the discretion of the trial court"). Such a motion asks the trial court to allow the losing party a "second bite of the apple," *i.e.*, requiring the court to determine whether it should admit these new matters into evidence and, in turn, reconsider its prior decision based upon them. That determination is subject to the trial court's discretion. See *Delgatto*, 131 Ill. 2d at 195; see also *Korogluyan v. Chicago Title & Trust Co.*, 213 Ill. App. 3d 622, 627 (1991) (general rule is that motion to reconsider based on new matters not presented during prior motion is for the trial court's discretion). However, whether or not the new matters are admitted through the motion to reconsider, the standard used to review the trial court's application of existing law, namely, its application of law to the facts presented, always remains *de novo*. See *Sacramento Crushing Corp. v. Correct/All Sewer Inc.*, 318 Ill. App. 3d 571, 577 (2000), quoting *Korogluyan*, 213 Ill. App. 3d at 627 (" 'a motion to reconsider an order granting summary judgment raises the question of whether the judge erred in his previous application of existing law. Whether the court has erred in the application of existing law is not reviewed under an abuse-of-discretion standard.' [Citation.] As with any question regarding the application of existing law, we review the denial of such a motion *de novo*"). A party cannot convert the *de novo* standard applicable to the original motion into an abuse of discretion standard simply by asking the court to reconsider its previous ruling. See *Sacramento Crushing Corp.*, 318 Ill. App. 3d at 577; *Korogluyan*, 213 Ill. App. 3d at 627. In the instant case, plaintiffs' motion to reconsider does not rest on the presentation of new matters nor on a determination of whether any new facts or arguments should be reconsidered with respect to the original motion for summary judgment. Rather, plaintiffs assert error on the part of the trial court with respect to its application of substantive law when it first granted defendants' motion for summary judgment and, in effect, ask the court to rethink what it already thought. Accordingly, this issue, which brings into question the propriety of the trial court's application of substantive law to the facts presented before it, merits *de novo* review. See *Sacramento Crushing Corp.*, 318 Ill. App. 3d at 577; *Korogluyan*, 213 Ill. App. 3d at 627.

We now turn to the substantive issue in this case, namely, whether the trial court erred in dismissing plaintiffs' count for specific performance based on those provisions of the contract which purport to limit their remedy to a recovery of their earnest money. As noted above, paragraph 3 of the real estate purchase contract signed by plaintiffs and defendants states that plaintiffs' "sole remedy" upon defendants' failure to complete construction of the townhouse on time is a refund of plaintiffs' earnest money. Paragraph 3 also states that upon payment of this sum, the contract is terminated and "shall be null and void without further liability to" defendants. In addition, paragraph 14 of this same contract, dealing with all other grounds for default and termination, repeats that if defendants fail to perform, plaintiffs' "only remedy shall be to terminate" the contract, whereupon defendants must return to plaintiffs "all payments made" by them. Paragraph 14 then concludes, as did paragraph 3, that upon this repayment, the contract "shall be null and void, and of no further force and effect, and neither party shall have any further rights or obligations thereunder."

■ Where a contract is unambiguous, its express provisions govern and its language, as a whole, is to be given its plain and ordinary meaning. See *Omnitrus Merging Corp. v. Illinois Tool Works, Inc.*, 256 Ill. App. 3d 31, 34 (1993). The intent of the parties is ascertained from this clear language. See *Omnitrus*, 256 Ill. App. 3d at 34. Moreover, the parties' rights under the contract are limited by the terms expressed therein. See *Klemp v. Hergott Group, Inc.*, 267 Ill. App. 3d 574, 581 (1994); *Lake County Trust Co. v. Two Bar B, Inc.*, 182 Ill. App. 3d 186, 192 (1989) ("[p]arties to a contract may limit their rights, duties, and obligations by express agreement"). The parties may go so far as to contract for an exclusive remedy under the contract. See *Omnitrus*, 256 Ill. App. 3d at 34; *Lake County Trust*, 182 Ill. App. 3d at 192. Once made and agreed upon, this remedy provision is binding on the parties and will be recognized and enforced by our courts. See *Omnitrus*, 256 Ill. App. 3d at 34 (exclusive remedy provisions are recognized by our courts and enforced); *Lake County Trust*, 182 Ill. App. 3d at 192. The remedy provision will be deemed exclusive if the contract warrants this interpretation, even if the word "exclusive" does not expressly appear within the contract. See *Intrastate Piping & Controls, Inc. v. Robert-James Sales, Inc.*, 315 Ill. App. 3d 248, 256 (2000) ("Illinois courts have recognized and enforced exclusive remedy provisions, even without the word 'exclusive,' when the contract as a whole warrants such a construction").

■ In the instant case, paragraphs 3 and 14 of the contract effectively make repayment by defendants of the earnest money the

exclusive remedy for plaintiffs in the case of defendants' nonperformance. The language contained in both these paragraphs unambiguously states that if defendants fail to perform under the terms of the contract, plaintiffs' "sole" and "only remedy" is to terminate the contract. According to the contract's terms, upon this termination, defendants are required to return plaintiffs' earnest money, and once this has been done, the contract becomes null and void and leaves the parties with no further rights or obligations. From this unambiguous language, it is clear that the parties intended return of the earnest money to be plaintiffs' only remedy in the case of breach by defendants. Although the word "exclusive" does not appear in paragraphs 3 and 14, the remedy of returning the earnest money is described in these paragraphs by the words "solely" and "only," and includes clauses stating that once this restitution is made, the contract terminates and leaves the parties with no other rights. Combined, it is clear that this language indicates that return of the earnest money is the only remedy available, to the exclusion of all others. By agreeing to include these paragraphs in the contract, plaintiffs expressly agreed to limit their rights in the case of defendants' nonperformance to an acceptance of repayment of their earnest money only. Accordingly, they are bound by the exclusive remedy provisions of paragraphs 3 and 14 and cannot maintain a claim of specific performance against defendants under the contract.

Plaintiffs would have us treat paragraphs 3 and 14 as a liquidated damages provision. Defendants, in a single sentence without further support, assert that this is not a liquidated damages provision but simply an exclusive remedy provision. Presumably, defendants may well be questioning whether a provision calling for restitution fits the definition of liquidated damages, which ordinarily encompass more than the mere return of consideration by the seller to the purchaser. They thus contend that the law dealing with exclusive contractual remedies generally, rather than liquidated damages, should control. For purposes of our analysis, however, the difference in this characterization is inconsequential. Whether or not the contract provides for conventional liquidated damages, it purports to limit plaintiffs' monetary recovery to a fixed specified sum—namely, their earnest money. This raises the issue here, as it does generally in liquidated damages agreements, as to whether the limitation of monetary recovery also precludes an alternate remedy of specific performance. As shall be demonstrated, the reasoning in making this determination is the same whether viewed as a liquidated damages issue or more generically as an exclusive remedy issue. Thus, as pointed out under our exclusive remedy analysis, plaintiffs here would be barred from

seeking specific performance even if the recovery fit the mold of liquidated damages.

■ When there is no misunderstanding or misrepresentation between a purchaser and seller who enter into a contract for the sale of real estate, specific performance is granted as a matter of right and the fact that there is a provision in the contract that provides for liquidated damages in the event of nonperformance does not, in and of itself, prevent the decree of specific performance. See *Kohrs v. Barth*, 212 Ill. App. 3d 468, 471 (1991). Instead, the test is whether the contract "calls for a certain act to be done with a sum annexed as damages to secure performance of the act or whether it provides that one of two things shall be done at the election of the party who must perform, *i.e.*, either the performance of the act or the payment of a sum of money." *Kohrs*, 212 Ill. App. 3d at 471; see *Koch v. Streuter*, 218 Ill. 546, 552 (1905). If the contract does the former, a provision for liquidated damages provided therein will not prevent specific performance. See *Kohrs*, 212 Ill. App. 3d at 471. However, if the contract does the latter, payment of the agreed sum constitutes adequate performance of the contract and specific performance as a remedy is barred. See *Kohrs*, 212 Ill. App. 3d at 471; see also *Lyman v. Gedney*, 114 Ill. 388, 398 (1885) ("[i]t is only where the contract stipulates for one of two things in the alternative,—the performance of certain acts, or the payment of a certain amount of money in lieu thereof,—that equity will not decree a specific performance of the first alternative").

■ Although there are no set or formulaic words, the purchaser and seller may effectuate a complete bar to specific performance by including in the contract clear language indicating that the liquidated damages provision is to be the sole remedy in the event of nonperformance. See *Brian McDonagh, S.C. v. Moss*, 207 Ill. App. 3d 62, 66 (1990); see also 5A A. Corbin, Corbin on Contracts § 1213, at 436 (1964). Clear language that would bar specific performance includes phrases that provide for "something more" than the provision for liquidated damages itself—phrases stating, for example, that the contract will become "null and void" upon payment of a sum indicated, or that payment is "in full of all claims of every kind and nature," or that payment is the "sole and exclusive" remedy upon a failure to perform. This principle is logical and steeped in old established law. See *Davis v. Isenstein*, 257 Ill. 260, 263 (1913); see also *McDonagh*, 207 Ill. App. 3d at 65; *Coney v. Commercial National Realty Co.*, 88 Ill. App. 3d 1026, 1028 (1980). When phrases such as these are expressly included in the contract, they denote that the parties intended there to be a choice or option between performing the act designated in the

contract or paying the sum indicated. See *Davis*, 257 Ill. at 263. Accordingly, then, if a party chooses not to perform but to instead pay the sum, his contractual duties are discharged and specific performance will not lie as a remedy available to the injured party. See *Davis*, 257 Ill. at 263; see also Restatement (Second) of Contracts § 361, Illustration *b*, at 178 (1981) ("if the obligor chooses to pay the price, equitable relief will not be granted").

The supreme court case of *Davis v. Isenstein* is on point with the instant cause, notwithstanding the fact that its reasoning deals with the law of liquidated damages. In *Davis*, the parties contracted for the exchange of land. The contract contained a liquidated damages provision stating that if either of the parties failed to perform his part of the contract, he would forfeit $1,500 to the injured party and, upon payment thereof, the contract would become null and void. One party elected to repudiate the contract and tendered payment to the other pursuant to the contract. The injured party sued to compel specific performance. Upon reviewing the law on liquidated damages, as we have done herein above, as well as the contract, our supreme court held that specific performance was barred as a remedy. See *Davis*, 257 Ill. at 263. The basis for the court's decision lay with that portion of the contract stating that it would become null and void upon payment of the sum indicated. The court found that this "clearly [gave] either party the option to pay the penalty or to convey in accordance with the terms of the contract." *Davis*, 257 Ill. at 263. By choosing to pay the sum, the nonperforming party exercised his option under the contract and, by its terms, the contract became null and void, leaving the injured party with no other available remedy. See *Davis*, 257 Ill. at 263; accord *Lunt v. Lorscheider*, 285 Ill. 589, 594 (1918) (following *Davis* and finding that contract cannot be specifically enforced because contained provision that if party failed to perform, she forfeits $500 and contract will then be null and void); *Wilson v. Espert*, 90 Ill. App. 111, 114-16 (1900) (where contract provided that earnest money shall be forfeited if there is failure to perform and contract "shall thereupon become and be null and void," and party failed to perform, court held that this was party's election to forfeit the earnest money instead of completing the purchase, and because by its terms the contract then became null and void, neither party is entitled to specific performance).

█ In the instant case, paragraphs 3 and 14 of the contract binding plaintiffs and defendants, even if considered as liquidated damages provisions, would not allow specific performance as a matter of right because, to the contrary, they effectuate a complete bar to this remedy. Both paragraphs clearly and unambiguously designate return of plaintiffs' earnest money as the "sole" and "only" remedy available in

the event of nonperformance. Moreover, paragraph 3 states that upon return of the earnest money, the contract becomes "null and void without further liability to" defendants. In like manner, paragraph 14 specifies that upon defendants' failure to perform and their return of plaintiffs' earnest money, the contract "shall be null and void, and of no further force and effect, and neither party shall have any further rights or obligations thereunder." Thus, both paragraphs also include language that provides for "something more" than the damages provision itself, thereby denoting that the parties intended that defendants would have a choice between performing the terms of the contract (*i.e.*, selling the townhouse to plaintiffs) or repaying to plaintiffs their earnest money.

From this explicit language, it is clear that, even were we to treat paragraphs 3 and 14 as liquidated damages provisions as plaintiffs ask, specific performance would be barred as a remedy available to them pursuant to the very terms of the contract. Defendants exercised their option under the contract when they failed to sell the townhouse to plaintiffs, leaving plaintiffs with the sole remedy of seeking the return of their earnest money. Upon defendants' repayment of this sum to plaintiffs, the contract became null and void and discharged defendants from any further contractual duties. By its very provisions in paragraphs 3 and 14, the contract barred specific performance as an available remedy. Accordingly, plaintiffs could not maintain a cause of action for specific performance against defendants based on the contract even under a liquidated damages theory.

## CONCLUSION

For the foregoing reasons, we affirm the holding of the trial court.

Affirmed.

O'MARA FROSSARD and COHEN, JJ., concur.