2020 IL App (1st) 200442

FIRST DISTRICT
SIXTH DIVISION
November 20, 2020

No. 1-20-0442

| | | |
|---|---|---|
| BRANDENBERRY PARK CONDOMINIUM ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 2018 CH 07298 |
| v. | ) ) | |
| BALIGH HASSAN ABU TALEB, *et al*., | ) ) | Honorable Anna Helen Demacopoulos, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justice Connors and Justice Griffin concurred in the judgment and opinion.

**OPINION**

¶ 1 Baligh Hassan Abu Taleb, and all unknown owners and occupants (hereinafter "defendant"), appeal the order of the circuit court denying a motion to reconsider the court's judgment in favor of plaintiff, Brandenberry Park Condominium Association, on plaintiff's Petition for Attorneys' Fees and Remediation Costs.

¶ 2                                     I. JURISDICTION

¶ 3 The trial court denied defendant's motion to reconsider on February 10, 2020. Defendant filed a notice of appeal on March 6, 2020. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                    II. BACKGROUND

¶ 5    Defendant is the owner of record of property commonly known as 2315 E. Olive Street, Unit 2B, in Arlington Heights, Illinois. Defendant's unit is subject to the terms and conditions of the Second Amended and Restated Declaration of Condominium Ownership (Declaration). The Declaration also established plaintiff, the Brandenberry Park Condominium Association.

¶ 6    Relevant here, section 2(c) of the Declaration provides that "[n]o owner shall own any ***structural components running through a Unit and serving more than that Unit except as a tenant in common with all other Owners." Section 3(a) describes "common elements" as including "structural parts of the Building." The Declaration further states:

> "Without the prior written consent of the Board an owner shall not *** make any additions, alterations or improvements to his Dwelling Unit or to the Exclusive Limited Common Elements appurtenant thereto where such work alters any structural portions of the Building; *** If an addition, alteration or improvement is made by an Owner without the prior written consent of the Board, then the Board may, in its discretion, take any of the following actions:
>
> > (1) Require the Owner to remove the addition, alteration or improvement and restore the Condominium Property to its original condition, all at the Owner's expense; or
> >
> > (2) If the Owner refuses or fails to properly perform the work required under (1), then, subject to the provisions herein, the Board may cause such work to be done and may charge the Owner for the cost therefor as determined by the Board;"

As for the Board's remedies when an owner violates the Declaration's terms, if "the violation or breach involves an improvement located within the boundaries of a Dwelling Unit, judicial proceedings shall be instituted before any items of construction can be altered or demolished. Any and all expenses in connection with the exercise of the right provided by this section shall be charged to and assessed against the violating Owner."

¶ 7 In 2017, defendant remodeled his unit and during the process, removed a beam partially located in the unit. On September 18, 2017, after discovering defendant's wall removal, plaintiff sent a notice to defendant notifying him of his violation of the Declaration and informing him of his need to hire an engineer and/or contractor to replace the structural beam that was removed. Plaintiff also demanded that the building be restored to its original condition. Defendant disagreed that the wall removed contained a structural beam.

¶ 8 On June 8, 2018, plaintiff filed a complaint for injunctive relief. In the complaint, plaintiff alleged that defendant remodeled his unit without the knowledge or approval of plaintiff. In remodeling the unit, defendant removed a beam that was located partially in his unit. This beam supported not only defendant's unit, but other units in the building. As a result of the beam's removal, the ceiling in defendant's unit began to sag and the floors in the units above defendant also began to sag. Plaintiff alleged that despite receiving the notice on September 18, 2017, defendant did not replace the beam or restore the building to its original condition.

¶ 9 Defendant did not answer the complaint or make an appearance, and plaintiff filed a motion for default judgment. After the default judgment was entered, but before prove-up, defendant filed a motion to vacate the default judgment. The trial court granted defendant's motion and set the

matter for a settlement conference. Prior to the settlement conference, defendant agreed to give plaintiff access to his unit in order to install temporary shoring and bracing.

¶ 10    The court entered an agreed order between the parties on March 26, 2019. In the order, defendant agreed not to "alter or otherwise remove any portion of the temporary bracing that is currently constructed in the unit." Defendant also agreed to allow "full access" of his unit to plaintiff's contractors, and the work would be "performed as per the specifications prepared by [plaintiff's] consultants." Defendant agreed to pay $5,500 for contractors "to replace the wall, to be paid over 27 months." The issue of attorneys' fees and costs would be decided upon a subsequent petition filed by plaintiff.

¶ 11    On September 19, 2019, plaintiff filed a petition for attorneys' fees and remediation costs. The petition sought a total judgment of $48,993.90 against defendant. The petition stated that plaintiff paid $14,072.17 to contractors and engineers for labor and materials. Attached were invoices detailing the services and materials needed to repair defendant's wall. The petition also included the verification of plaintiff's property manager, Debra Citro, who stated that all of the invoices "have been paid in full by the Association." She stated that defendant has paid "$1,200 towards the invoices."

¶ 12    The petition also requested $34,921.73 for attorneys' fees and costs. In his affidavit, plaintiff's attorney Jason Orth attested to his experience in the area of condominium association law. Attached to his affidavit was a document containing the itemization and detailed descriptions of all the work, and the corresponding fees and costs, Orth's law firm performed on behalf of plaintiff in this cause. The petition stated that plaintiff's counsel "had to expend numerous hours to remedy the hurdles put into place by the Defendant." In violation of the agreed order, defendant

removed the temporary shoring in his unit in late March of 2019. As a result, plaintiff's attorney had to negotiate with the city building inspector and engineer to keep the building from being condemned. Defendant also failed to provide his engineer's plans to plaintiff although he agreed to do so. The petition stated that defendant would not allow access to his unit for the repairs and plaintiff's attorneys had to go to court to enforce defendant's cooperation.

¶ 13 Defendant filed his response on October 15, 2019. Defendant responded that he gave plaintiff access to his unit to make the repairs and "assumed he would be kept informed of the repair and invoice." He claimed that plaintiff "never informed [him] of the cost of the rebuilding" of the property, but instead gave him an invoice for $14,072.17. Defendant stated that the amount was "extremely overinflated." Defendant also claimed that the amount for attorneys' fees was excessive. Defendant did not present any evidence in support of his claims.

¶ 14 The trial court conducted a hearing on plaintiff's petition on November 18, 2019. After argument by the parties, the court entered judgment in the amount of $48,993.90 in favor of plaintiff. The trial court's order noted that defendant did not request an evidentiary hearing, nor did he "offer any competent evidence to refute the reasonableness and necessity of the attorneys' fees, court costs, and costs to restore the subject wall." Therefore, the court found the attorneys' fees and court costs, and the construction costs and consultation fees, "reasonable and necessary." After the trial court's ruling, defendant made an oral motion for a continuance to present additional information, which the court denied.

¶ 15 On December 17, 2019, defendant filed a motion to reconsider. Defendant raised the same arguments in the motion to reconsider as he raised in his response to plaintiff's petition, but attached a November 25, 2019, affidavit from his architect, Donald Johnson, as well as defendant's

affidavit dated November 30, 2019. Johnson's affidavit stated that he had "previously given estimates on the costs of the architectural design of the property." He "reviewed the invoices" of plaintiff's architects and "compar[ed] them to the amount of time stated." Based on his review of these documents and his own experience, Johnson stated that in his opinion, the costs for "the architectural drawings and reinstallation of the wall" should have totaled $4,000. Plaintiff alleged that Johnson's affidavit was not previously available because plaintiff tendered final bills at the time of filing their petition, and he needed "to have Johnson review all items relating to the remodeling of the condominium, including reviewing the actual condominium."

¶ 16    In his affidavit, defendant denied that he removed a structural beam. He stated that he had obtained a permit from the City of Arlington Heights, and the construction passed an inspection. Defendant also stated that he had submitted the drawings of his architect Johnson to plaintiff, but plaintiff "completely ignored" them. Plaintiff "then moved forward with a lawsuit" against defendant. Defendant stated that he agreed to allow plaintiff to reinstall the wall, with defendant's reimbursement, because the court promised to "cap" the cost at $2,500 and lower the attorneys' fees. Defendant claimed that it was plaintiff's contractor who removed the temporary support beams in March of 2019, not him. Defendant contended that plaintiff's contractor left the wall unfinished and the final product was poor in quality. As a result of plaintiff's work, the unit's open floor plan was "eliminat[ed]" and the island inside the kitchen "is no longer usable."

¶ 17    Plaintiff argued in his motion to reconsider that "[t]he amount invoiced is grossly overinflated, and should be reduced accordingly." Plaintiff also argued that the invoice for attorneys' fees and costs was overinflated.

¶ 18   The trial court denied the motion to reconsider, finding that the "new evidence presented to the court was available to defendant prior to the court ruling on November 18, 2019." Defendant filed this appeal.

¶ 19                                        III. ANALYSIS

¶ 20   A motion to reconsider seeks to bring to the court's attention "a change in the law, an error in the court's previous application of existing law, or newly discovered evidence that was not available at the time of the hearing." *People v. $280,020 U.S. Currency*, 372 Ill. App. 3d 785, 791 (2007). Here, defendant argues that the trial court should have reconsidered its ruling based on new evidence in the form of Johnson's affidavit. A motion to reconsider based on additional facts essentially asks the court to allow the non-prevailing party "a 'second bite of the apple,'" which requires a determination as to whether the court "should admit these new matters into evidence and, in turn, reconsider its prior decision based upon them." *O'Shield v. Lakeside Bank*, 335 Ill. App. 3d 834, 838 (2002). The court's determination is subject to its discretion. *Id.* Accordingly, we review the trial court's judgment for an abuse of discretion. *Id.*

¶ 21   In a motion to reconsider, newly discovered evidence is evidence that was unavailable prior to the hearing in which the judgment was entered. *Landeros v. Equity Property and Development*, 321 Ill. App. 3d 57, 65 (2001). Defendant contends that Johnson's affidavit is new evidence. However, in his affidavit Johnson stated that he based his opinion on the invoices of plaintiff's architects and his own experience. The invoices from plaintiff's contractors and consultants were attached to plaintiff's fee petition, which was filed on September 19, 2019. Although Johnson's affidavit was dated November 25, 2019, plaintiff gave no reason why Johnson could not review the information earlier where the remediation project had been complete, and the invoices were

paid, by September 19, 2019. On a motion to reconsider, Johnson's affidavit "should not be allowed in the absence of a reasonable explanation of why it was not available at the time of the original hearing." *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 195 (1989).

¶ 22    We note that in further support of his contention that there building costs were "overinflated," defendant attached documents to his reply brief including correspondence between the parties, the permit from Arlington Heights, and another affidavit from defendant dated November 11, 2020. None of these documents appear in the record on appeal, nor is there any indication that the trial court considered these documents. It is well-settled that a party cannot supplement the record on appeal simply by attaching documents to the briefs. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). We decline to consider documents not properly included in the record on appeal.

¶ 23    Regarding the attorneys' fees judgment, defendant's motion to reconsider did not even allege newly discovered evidence. Defendant merely concluded that counsel's fees were "incredible" given that the construction involved only one wall, and defendant "was mostly cooperative with opposing counsel." Nonetheless, we find no error in the trial court's determination. "A properly supported fee petition must specify the services performed, by whom, the time expended and the rate charged. *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 102."The trial court's determination as to an appropriate award for attorney fees must be considered in light of the principle that the trial judge is permitted to use his own knowledge and experience to assess the time required to complete particular activities, and a court of review may not reverse an award of attorney fees merely because it may have reached a different

conclusion." *Chicago Title & Trust Co. v. Chicago Title & Trust Co.*, 248 Ill. App. 3d 1065, 1074 (1993).

¶ 24    In support of its fee petition, plaintiff attached the affidavit of attorney Jason Orth, who attested to his experience in the area of condominium association law. Attached to his affidavit was a document containing the itemization and detailed descriptions of all the work, and the corresponding fees and costs, Orth's law firm performed on behalf of plaintiff. Furthermore, defendant did not request an evidentiary hearing when plaintiff filed its fee petition. Absent such a hearing, the trial court would have had to base its determination on the evidence presented by plaintiff in support of the petition, including affidavits and invoices, as well as the argument of the parties. *U.S. Bank National Association v. Randhurst Crossing LLC*, 2018 IL App (1st) 170348, ¶ 83. Based on this evidence, the trial court found all fees and costs "reasonable and necessary," and we find no reason in the record to disturb this determination.

¶ 25    Finally, we note that defendant failed to include transcripts of the hearing in the record on appeal. An appellant has the burden to present a sufficiently complete record to support his claim of error. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Without an adequate record, "the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Id.* at 157. Any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 26                                   IV. CONCLUSION

¶ 27    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.

**No. 1-20-0442**

| | |
|---|---|
| **Cite as:** | *Brandenberry Park Condominium Association, et al. v. Abu Taleb*, 2020 IL App (1st) 200442 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2018 CH 07298; the Hon. Anna Helen Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | James G. Pittacora, of Pittacora Law, of Western Springs, IL, for appellant. |
| **Attorneys for Appellee:** | Jason G. Orth, of Kovitz Shifrin Nesbit, of Mundelein, IL, for appellee. |